UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

AMADOU BARRIE

        Plaintiff(s),

  -against-                                    CASE No.:    9:18-cv-00749-LEK-ATB

SGT. THOMAS AGANS,
DEPUTY MARY. BAILEY,
C.O. WILLIAM FOOTE,                        **AMENDED COMPLAINT**
SGT. THOMAS REYELL,
SGT. LOREN HOLLENBECK,                 PLAINTIFF(S) DEMAND
C.O. CHAD AIKEN,                                TRIAL BY JURY
C.O. JASON PIPPEN,
C.O. WILLIAM BRENNER,
C.O. CALEB BASS,
C.O. BARRY BRAND,
C.O. AMY FOOTE,
CAPTAIN K. E. ADAMIK,
CORRECTIONS OFFICERS "JANE DOE"
AND "JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

        Defendant(s).

        Plaintiff, AMADOU BARRIE, by his attorney, PAUL HALE, complaining of the defendants, respectfully alleges as follows:

        On December 7, 2015 Amadoue Barrie, a 20-year-old youthful offender from the Bronx, had his jaw broken by Sergeant Thomas Agans. Mr. Barrie was then denied medical treatment for three days before finally having his jaw wired shut. Sgt. Agans, with the help of Captain K. E. Adamik and colleagues, then maliciously prosecuted Mr. Barrie for alleged misbehavior. The

resulting fraudulent conviction led to Mr. Barrie being held in solitary confinement for six months in addition to being released from prison five months past his release date. After an Office of Special Investigations inquiry into the matter, all charges were dropped against Mr. Barrie and Sgt. Agans was subsequently indicted in Franklin County Supreme Court for the assault on Mr. Barrie. Mr. Barrie is seeking damages for his broken jaw, emotional injuries, unlawful solitary confinement and being imprisoned past his proper release date.

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Northern District of New York under U.S.C. § 1391 (b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff, AMADOU BARRIE, is a citizen of the United States, and at all relevant

times a resident of the State of New York.

7. Upon information and belief, that at all times mentioned hereinafter, the defendants SGT. THOMAS AGANS, DEPUTY MARY BAILEY, C.O. WILLIAM FOOTE, SGT. THOMAS REYELL, SGT. LOREN HOLLENBECK, C.O. CHAD AIKEN, C.O. JASON PIPPEN, C.O. WILLIAM BRENNER, C.O. CALEB BASS, C.O. BARRY BRAND, C.O. AMY FOOTE, CAPTAIN K. E. ADAMIK, and CORRECTIONS OFFICERS "JANE DOE" AND "JOHN DOE" 1-10 were officers in the employ of THE STATE OF NEW YORK.

8. SGT. THOMAS AGANS at all times relevant to this action was a corrections officer with THE STATE OF NEW YORK and acting under color of state law. He is being sued in his individual capacity.

9. DEPUTY MARY BAILEY at all times relevant to this action was a corrections officer with THE STATE OF NEW YORK and acting under color of state law. She is being sued in her individual capacity.

10. C.O. WILLIAM FOOTE at all times relevant to this action was a corrections officer with THE STATE OF NEW YORK and acting under color of state law. He is being sued in his individual capacity.

11. SGT. THOMAS REYELL at all times relevant to this action was a corrections officer with THE STATE OF NEW YORK and acting under color of state law. He is being sued in his individual capacity.

12. SGT. LOREN HOLLENBECK at all times relevant to this action was a corrections officer with THE STATE OF NEW YORK and acting under color of state law. He is being sued in his individual capacity.

13. C.O. CHAD AIKEN at all times relevant to this action was a corrections officer

with THE STATE OF NEW YORK and acting under color of state law.  He is being sued in his individual capacity.

14. C.O. JASON PIPPEN at all times relevant to this action was a corrections officer with THE STATE OF NEW YORK and acting under color of state law.  He is being sued in his individual capacity.

15. C.O. WILLIAM BRENNER at all times relevant to this action was a corrections officer with THE STATE OF NEW YORK and acting under color of state law.  He is being sued in his individual capacity.

16. C.O. CALEB BASS at all times relevant to this action was a corrections officer with THE STATE OF NEW YORK and acting under color of state law.  He is being sued in his individual capacity.

17. C.O. BARRY BRAND at all times relevant to this action was a corrections officer with THE STATE OF NEW YORK and acting under color of state law.  He is being sued in his individual capacity.

18. C.O. AMY FOOTE at all times relevant to this action was a corrections officer with THE STATE OF NEW YORK and acting under color of state law.  She is being sued in her individual capacity.

19. CAPTAIN K. E. ADAMIK at all times relevant to this action was a corrections officer with THE STATE OF NEW YORK and acting under color of state law.  He is being sued in his individual capacity.

20. "JANE DOE" AND "JOHN DOE" 1-10 at all times relevant to this action were a corrections officers employed by and with THE STATE OF NEW YORK and acting under color of state law.  They are being sued in their individual capacities.

21.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York.

22.     The defendant officers were at all material times acting within the scope of their employment, and as such, THE STATE OF NEW YORK and its employees are vicariously liable for the defendant officers' acts as described below.

23.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE STATE OF NEW YORK and in individual and official capacity.

## FACTUAL ALLEGATIONS

24.     On December 7, 2015 MR. AMADOU BARRIE was incarcerated at Franklin Correctional Facility located in Malone, NY.

25.     On December 7, 2015 MR. BARRIE was assaulted by numerous New York State Department of Correction and Community Supervision (DOCCS) corrections officers.

26.     At the above time and place a number of Corrections Officers severely injured MR. BARRIE.

27.     While MR. BARRIE'S left and right wrists were handcuffed to a hospital gurney's rails he was assaulted by numerous corrections officers.

28.     During the assault MR. BARRIE had his jaw broken when SGT. THOMAS AGANS punched him in the face numerous times while he was already restrained to a hospital gurney.

29.     During the assault MR. BARRIE had a tooth cracked in half by SGT. AGANS.

30.     During the assault MR. BARRIE was knocked unconscious by SGT. AGANS.

31. During the assault MR. BARRIE suffered a bloody nose.

32. MR. BARRIE was also choked and punched by numerous other Corrections Officers under SGT. AGANS supervision.

33. There were numerous other officers taking part in the assault. These officers include, but are not limited to, C.O. WILLIAM FOOTE, SGT. THOMAS REYELL, SGT. LOREN HOLLENBECK, C.O. CHAD AIKEN, C.O. JASON PIPPEN, C.O. WILLIAM BRENNER, C.O. CALEB BASS, C.O. BARRY BRAND, and C.O. AMY FOOTE.

34. C.O. CALEB BASS and, SGT. LOREN HOLLENBECK used so much force against MR. BARRIE'S right arm that it broke the skin.

35. C.O. BARRY BRAND choked MR. BARRIE.

36. The assault on MR. BARRIE was unprovoked, unnecessary and excessive. The acting Superintendent of Franklin Correctional Facility even stated "the force used appears excessive based upon the injuries to the inmate." (DOCCS 000044)

37. All officer/Defendants involved in the obviously excessive attack on an already restrained MR. BARRIE had a duty to stop SGT. AGANS from punching MR. BARRIE in the face numerous times. All officer/Defendants involved in the use of force against MR. BARRIE had a reasonable opportunity to intervene in the obviously illegal use of force. All officer/Defendants involved in the use of force against MR. BARRIE did not intervene to stop the obvious illegal use of force against MR. BARRIE.

38. MR. BARRIE was transported to the local hospital.

39. MR. BARRIE was diagnosed with a complete fracture of his lower jawbone.

40. MR. BARRIE was transported back to the Franklin Correctional Facility where he was denied medical treatment for approximately three days.

41. On December 12, 2015 MR. BARRIE finally underwent surgery for his cracked tooth and broken jaw. The surgeon wired MR. BARRIE'S jaw shut and removed his #17 molar.

42. MR. BARRIE had his mouth wired shut for approximately six weeks.

43. During this time MR. BARRIE could only eat through a straw and could barely speak.

44. During this six-week period MR. BARRIE was not allowed a single shower or change of clothes.

45. MR. BARRIE then had the wires and apparatus attached to his jaw removed by an oral surgeon in January of 2016.

46. After the assault, MR. BARRIE was then issued a fraudulent ticket for misbehavior.

47. SGT. AGANS and his fellow corrections officers concocted a false story to cover up the injuries caused by the corrections officers.

48. MR. BARRIE was found guilty of misbehavior due to the malicious prosecution and fraudulent testimony of SGT. AGANS and his fellow corrections officers.

49. The acting hearing officer, CAPTAIN K. E. ADAMIK, maliciously prosecuted and convicted an inmate for having his jaw broken and imposed an overly punitive sentence that was at first reduced due to its excessiveness, then fully dismissed.

50. The result of this internal guilty verdict resulted in 1) loss of one year of good time, 2) being placed in Special Housing Solitary Confinement for 6 months, 3) a full year's loss of recreation, 4) a full year's loss of receiving packages from family, 5) a full year's loss of access to the commissary, and 6) and a full year's loss of telephone privileges. Upon information and belief this excessive sentence was imposed to cover up the assault and prevent MR. BARRIE from seeking outside counsel or advice.

51. After the assault on MR. BARRIE, SGT. AGANS was indicted by a Franklin County grand jury in the fall of 2016 on a charge of 2nd Degree Assault – a class D felony

52. SGT. AGANS was scheduled to go to trial in May of 2017. However, the case was abruptly dropped for an unknown reason.

53. Also, in May of 2017 the ticket for misbehavior was expunged after the Office of Special Investigations inquiry determined the prosecution was fraudulent and that MR. BARRIE was, in fact, the victim and deemed not culpable (DOCCS000118)

54. Prior to the full expungement, Acting Director of the Special Housing/Inmate Discipline A. Rodriguez reduced CAPTAIN K. E. ADAMIK'S sentence imposed upon MR. BARRIE because the offense did "not warrant the penalty imposed." (DOCCS000121)

55. MR. BARRIE was scheduled for release in May of 2017. With the ticket being dismissed, there was no reason to hold him past May of 2017.

56. Nonetheless, MR. BARRIE was not given his good time back and was held for an additional five months until his release by emergency Order on November 13, 2017. These additional 5 months were a direct result of the assault, and ensuing fraudulent misbehavior ticket that was initiated by SGT. AGANS.

57. Upon information and belief, DEPUTY M. BAILEY of the Washington Correctional Facility purposely and maliciously refused to release MR. BARRIE despite the fact the ticket prolonging his incarceration was dismissed.

58. Upon information and belief, DEPUTY M. BAILEY held MR. BARRIE for an additional 5 months out of spite and because he was involved in the various investigations taking place against Correctional Officers conduct stemming from the assault on MR. BARRIE.

59. Upon information and belief, DEPUTY M. BAILEY refused to file the appropriate

paperwork necessary for MR. BARRIE'S proper release date.

60. Upon information and belief, DEPUTY M. BAILEY arbitrarily detained MR. BARRIE past his proper release date.

61. Upon information and belief, DEPUTY M. BAILEY was deliberately indifferent to MR. BARRIE being held past his proper release date; this is evidenced through correspondence acknowledging MR. BARRIE'S situation but DEPUTY M. BAILEY'S failure to act appropriately to remedy it.

62. During the assault MR. BARRIE was choked and punched.

63. Besides MR. BARRIE'S broken jaw and knocked out tooth, he also sustained numerous other cuts, scrapes and bruises during the assault by defendants.

64. MR. BARRIE also suffered emotional trauma resulting from the assault and subsequent actions of the officers which he suffered from immediately after the assault and continues to suffer from.

65. MR. BARRIE made a complaint and sought an inquiry into his assault through the necessary channels required by law, including making a grievance to the Inmate Grievance Resolution Committee.

66. MR. BARRIE filed a "Notice of Intention to File a Claim" in January 2015.

67. Upon information and belief numerous investigations ensued relating to the assault on MR. BARRIE – including the Inspector General's Office, the Office of Special Investigations and an unknown Federal entity.

68. At the above times and places plaintiff was wrongfully and unreasonably assaulted.

69. After the incident, MR. BARRIE was unconstitutionally placed in a Special Housing Unit (SHU) in order to cover up the assault on him and unjustly punish him further.

70. Furthermore, shortly after the assault MR. BARRIE was transferred to other correctional facilities and deprived of his legal papers. Upon information and belief, this was done in order to hamper his ability to prosecute his grievance.

71. Upon information and belief, Plaintiff has exhausted all of his administrative remedies.[1]

72. At all times during the events described above, the defendant officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights.

73. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

74. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

75. During the events described above, defendants acted maliciously and wantonly with the intent to injure plaintiff.

76. The defendant officers were at all material times acting within the scope of their employment, and as such, THE STATE OF NEW YORK is vicariously liable for the defendant officers' acts as described above.

77. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. Deprivation of liberty without due process of law;

---

[1] Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir.2013). Accordingly, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216, 127 S.Ct. 910.

  B. Excessive force imposed upon him;

  C. Malicious prosecution;

  D. Denial of medical services;

  E. Miscalculation;

  F. Summary punishment imposed upon him; and

  G. Denied equal protection under the law.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. S 1983

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

79. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

80. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

81. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers, with all the actual and/or apparent authority attendant thereto.

82. The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, pursuant to the customs, usages, practices, procedures, and the rules of the STATE OF NEW YORK and NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, all under the supervision of ranking officers of said department.

83. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

    84.    The acts complained of deprived plaintiff of his rights:

        A. Not to be deprived of liberty without due process of law;

        B. Not to have excessive force imposed upon him;

        C. Malicious prosecution;

        D. Denial of medical services;

        E. Miscalculation;

        F. Not to have summary punishment imposed upon him; and

        G. To receive equal protection under the law.

## SECOND CLAIM FOR RELIEF
## CAUSE OF ACTION: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

    85.    By this reference, the plaintiff incorporates each and every allegation and averment set forth in the above paragraphs of this complaint as though fully set forth herein.

    86.    Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

    87.    The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

    88.    As a consequence of said defendants' actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, pain, physical injury, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

    89.    Defendants, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline officers including the defendants in this case, for violations

of the constitutional rights of citizens, thereby causing officers including defendants in this case, to engage in unlawful conduct.

90. The aforesaid event underlying plaintiff's factual allegations was not an isolated incident nor was it isolated to these officers. The Defendants have been aware for some time, from lawsuits, notices of claim, complaints filed with the Inspector General, that a disturbing number of their officers unlawfully use excessive force against citizens and create charges in an effort to cover up their misconduct, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the defendants have allowed policies and practices that allow the aforementioned to persist.

91. All of the aforementioned has created a climate where officers lie to investigators in paperwork and charging instruments, and testify falsely, with no fear of reprisal.

92. The defendants are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the defendants have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

93. Plaintiff has been damaged as a result of the deliberate indifference of the Defendants.

**THIRD CLAIM FOR RELIEF**
**CAUSE OF ACTION: VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**(EXCESSIVE FORCE)**

94. Defendants SGT. AGANS, C.O. CALEB BASS, C.O. BARRY BRAND, SGT. LOREN HOLLENBECK and JOHN DOES failed to remedy and were deliberately indifferent to the use of excessive force against Plaintiff, despite being aware of this unconstitutional act during and immediately after its occurrence.

95.     Defendants, each individually and in concert with the others, acted under color of state law when they deprived Plaintiff of his federal constitutional rights.

96.     As a direct and proximate result of Defendants' deprivations of Plaintiff's federal constitutional rights, Plaintiff has sustained physical injuries and other damages.

97.     Defendants are jointly and severally liable for Plaintiff's injuries, under 42 U.S.C. § 1983.

98.     As the prevailing party in this action, Plaintiff is also entitled to recovery of his attorneys' fees under 42 U.S.C. § 1988.

## FOURTH CLAIM FOR RELIEF
### CAUSE OF ACTION: VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS UNDER SECTION 1983 OF THE UNITED STATES CONSTITUTION
### (MALICIOUS PROSECUTION)

99.     SGT. AGANS and his fellow corrections officers concocted a false story to cover up the injuries caused by the corrections officers.  Upon information and belief, CAPTAIN K. E. ADAMIK supervised and instructed the officers in this fraudulent prosecution.

100.    MR. BARRIE was found guilty of misbehavior due to the malicious prosecution and fraudulent testimony of SGT. AGANS and his fellow corrections officers.

101.    CAPTAIN K. E. ADAMIK imposed a sentence upon MR. BARRIE that was deemed overly punitive at first and eventually found to be wholly unwarranted.

102.    The result of this internal guilty verdict resulted in 1) loss of one year of good time, 2) being placed in Special Housing Solitary Confinement for 6 months, 3) a full year's loss of recreation, 4) a full year's loss of receiving packages from family, 5) a full year's loss of access to the commissary, and 6) and a full year's loss of telephone privileges.

103.    The verdict was eventually expunged and overturned in MR. BARRIE'S favor.

**FIFTH CLAIM FOR RELIEF**
**CAUSE OF ACTION: VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS UNDER SECTION 1983 OF THE UNITED STATES CONSTITUTION**
**(MISCALCULATION)**

104.    Upon information and belief, DEPUTY M. BAILEY held MR. BARRIE for an additional 5 months out of spite and because he was involved in the various investigations taking place against Correctional Officers conduct stemming from the assault on MR. BARRIE.

105.    Upon information and belief, DEPUTY M. BAILEY refused to file the appropriate paperwork necessary for MR. BARRIE'S proper release date.

106.    Upon information and belief, DEPUTY M. BAILEY arbitrability detained MR. BARRIE past his proper release date.

107.    Upon information and belief, DEPUTY M. BAILEY was deliberately indifferent to MR. BARRIE being held past his proper release date; this is evidenced through correspondence acknowledging MR. BARRIE'S situation but DEPUTY M. BAILEY'S failure to act approritatly to remedy it.

108.    MR. BARRIE was unconstitutionally held for approximately 5 extra months.

**SIXTH CLAIM FOR RELIEF**
**CAUSE OF ACTION: VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS UNDER SECTION 1983 OF THE UNITED STATES CONSTITUTION**
**(UNCONSTITUTINALLY HELD IN SHU)**

109.    Defendants SGT. AGANS and JOHN DOES failed to remedy and was deliberately indifferent to the use of excessive force against Plaintiff, despite being aware of this unconstitutional act during and immediately after its occurrence.

110.    SGT. AGANS and his fellow corrections officers concocted a false story to cover up the injuries caused by the corrections officers. Upon information and belief, CAPTAIN K. E. ADAMIK supervised and instructed the officers in this fraudulent prosecution.

111. MR. BARRIE was found guilty of misbehavior due to the fraudulent testimony of SGT. AGANS and his fellow corrections officers.

112. The result of this internal guilty verdict resulted in 1) loss of one year of good time, 2) being placed in Special Housing Solitary Confinement for 6 months, 3) a full year's loss of recreation, 4) a full year's loss of receiving packages from family, 5) a full year's loss of access to the commissary, and 6) and a full year's loss of telephone privileges.

113. The verdict was eventually expunged and overturned in MR. BARRIE'S favor.

<strong><u>SEVENTH CLAIM FOR RELIEF</u></strong><br>
<strong>CAUSE OF ACTION: VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS UNDER SECTION 1983 OF THE UNITED STATES CONSTITUTION</strong><br>
<strong>(DENIAL OF MEDICAL SERVICES)</strong>

114. Defendants failed to provide necessary and emergency medical services to MR. BARRIE.

115. MR. BARRIE was almost immediately diagnosed with a major fracture of his jaw. Nonetheless he was taken from the hospital back to jail instead of being treated.

116. MR. BARRIE'S injuries were obvious, severe and excruciating.

117. Only after three days back at Franklin Correctional was he returned to the hospital for treatment to his broken jaw – which required surgery.

118. MR. BARRIE'S jaw was wired shut for approximately six weeks after the surgery. It was during this time, when MR. BARRIE could not speak (or eat solid food), that the Defendants concocted their plan and decided to maliciously prosecute MR. BARRIE in order to justify their actions.

119. While MR. BARRIE was held in SHU with his jaw wired shut he was not allowed to shower or given a change of clothes for the entire six week period.

120. MR. BARRIE was also denied pain medication and follow up treatment during the

six week period when his jaw was wired shut.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

I. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

II. On the Second Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

III. On the Third Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

IV. On the Fourth Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

V. On the Fifth Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

VI. On the Sixth Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

VII. On the Seventh Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988; and

VIII.　Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: <u>11/29/2018</u>
　　　　Brooklyn, NY

<u>　　　　　　/s/　　　　　　</u>
Attorney for Plaintiff(s)
PAUL HALE ESQ.
26 Court Street, Suite 913
Brooklyn, NY 11242
PHONE: (718) 554-7344
