UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

~~AMODOU~~ BARRIE,
AMADOU [initials]

            Plaintiff,

-against-

SGT. THOMAS AGANS, et al.,

            Defendants.

**STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)**

9:18CV00749

(LEK/ATB)

    IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, Plaintiff ~~Amodou~~ Amadou [initials] Barrie, and the attorneys for Plaintiff and Defendants, the parties to the above-entitled action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

  1.  Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby discontinues this action with prejudice and without damages, costs, interest or attorneys' fees, as against Defendants William Foote, Thomas Reyell, Loren Hollenbeck, Chad Aiken, Jason Phippen (incorrectly sued as "Pippen"), William Brenner, Caleb Bass, Barry Brand, and Amy Foote, hereinafter and collectively referred to as the "Non-Settling Defendants," such term meant to represent all Defendants named in this action at any time with the exception of Defendants Tom Agans (incorrectly sued as Thomas Agans), Mary Bailey, and Karl E. Adamik, who are hereinafter collectively referred to as the "Settling Defendants."

2. Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby discontinues this action with prejudice and without damages, costs, interest or attorney's fees, under the conditions described in Paragraph 6 of this agreement, as against Defendants Tom Agans, Mary Bailey, and Karl E. Adamik, as the "Settling Defendants," and discharges and releases the Settling Defendants, and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the Settling Defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

3. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

4. This settlement does not constitute a determination of, or admission by any party to, any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure in the future.

5. Plaintiff agrees not to commence any lawsuit in any court, state or federal, related to any cause of action against any DOCCS employee, DOCCS, or the State of New York, which

Plaintiff believes has accrued prior to the execution of this Stipulation. Any matter initiated by Plaintiff prior to the execution of this Stipulation, however, remains unaffected by this provision.

6. Following the execution of this Stipulation, and its being ordered by the Court, Plaintiff shall be paid the sum of One Hundred Fifty Thousand Dollars and No Cents ($150,000.00) in full settlement of any and all claims, which amount includes all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. Plaintiff's check shall be made payable to "~~Amodou~~ Amadou Barrie and Paul Hale" and will be mailed to him via his attorney, Paul Hale, Esq., at 26 Court Street, Suite 913, Brooklyn, New York, 11242, which is the mailing address Plaintiff has provided to the Court for service of papers in this action.

7. Payment of the amount specified in paragraph 6 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law and upon Plaintiff's signing and returning a "Standard Voucher," which will be mailed to him by agents of the Defendants responsible for the administrative processing of the settlement paperwork.

8. Payment of the amount referenced in paragraph 6 will be made within one hundred and twenty (120) days after the (1) approval of this Stipulation by the Court, (2) receipt by counsel of a copy of the so-ordered stipulation **and** (3) receipt by counsel of the Standard Voucher referenced in paragraph 7 above ("the pre-requisites"), unless the provisions of Chapter 62 of the Laws of 2001 apply to the Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

9. In the event that the terms of paragraph 6 are satisfied, but payment is not made within the periods set forth in paragraph 8, interest shall begin to accrue on the outstanding

principal balance at the statutory rate on the 121st day after the satisfaction of the pre-requisites, or the 151st day after the satisfaction of the pre-requisites if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

10. This Stipulation shall be null and void if (1) the approvals referred to in paragraph 7 are not obtained; (2) the Plaintiff fails to return an executed stipulation of discontinuance within the time frame set by the court; or (3) the Plaintiff fails to return the Standard Voucher, and this action shall then be placed back on the active docket without prejudice.

11. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

12. The foregoing constitutes the entire agreement of the parties.

Dated: Brooklyn, New York
July 17, 2019

_A. Barrie_
~~AMODOU~~ BARRIE, Amadou
Plaintiff
(P# X)

Dated: Brooklyn, New York
July 17, 2019

PAUL HALE, ESQ.
*Attorneys for Plaintiff*
26 Court Street, Suite 913
Brooklyn, New York 12242

By: _____
PAUL HALE, ESQ.
Telephone: (718) 554-7344
Email: paul@halelegalgroup.com

Dated: Buffalo, New York
July 10, 2019

LIPPES MATHIAS WEXLER FRIEDMAN LLP
*Attorneys for Defendant Agans*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202

By: _____
SCOTT ALLEN, ESQ.
Telephone: (716) 853-5100
sallen@lippes.com

Dated: Albany, New York
July 22, 2019

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants Bailey and Adamik*
The Capitol
Albany, New York 12224-0341

By: _____
SHANNAN C. KRASNOKUTSKI, ESQ.
Assistant Attorney General, of Counsel
Telephone: (518) 776-2606
Email: Shannan.Krasnokutski@ag.ny.gov

5

Dated: Syracuse, New York
July 23, 2019

SO ORDERED:

Lawrence E. Kahn
U.S. District Judge